Filed 5/28/25  Triad Properties v. Pini CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| TRIAD PROPERTIES,<br><br>    Cross-complainant and Appellant,<br><br>v.<br><br>DARIO L. PINI,<br><br>    Cross-defendant and Respondent. | 2d Civ. No. B333958<br>(Super. Ct. No. No. 56-2019-00526401-CU-BC-VTA)<br>(Ventura County) |

A contract provides for attorney fees to the prevailing party in any action arising out of the contract.  The contract also denies attorney fees to a party who "commences an action" without first attempting to resolve the matter through mediation.  Here we hold that a party who cross-complains in response to a prior cross-complaint against it, is not a party who "commences an action" within the meaning of the contract.  We reverse and remand.

FACTS

Dario Pini owned an apartment building (property) in the City of Ventura (City).  In 2018, Triad Properties (Triad), a nonprofit housing corporation, learned that Pini was interested in selling the property.  The property was in poor condition.  The City had issued notices of housing code violations.

### Contract of Sale

On October 15, 2018, Pini and Triad entered into a contract for the sale of the property.

Paragraph 31A of the agreement provides for mediation of disputes in part as follows: "If, for any dispute or claim to which this paragraph applies, any Party (i) commences an action without first attempting to resolve the matter through mediation, or (ii) before commencement of an action, refuses to mediate after a request has been made, then that Party shall not be entitled to recover attorney fees, even if they would otherwise be available to that Party in any such action."

Paragraph 34 of the contract provides for attorney fees as follows: "In any action, proceeding, or arbitration between Buyer and Seller arising out of this Agreement, the prevailing Buyer or Seller shall be entitled to reasonable attorneys fees and costs from the non-prevailing Buyer or Seller, except as provided in paragraph 31A."

Escrow closed on or around April 3, 2019.

### Lawsuits

#### (a) Tenants v. Pini

On March 19, 2019, with escrow still pending, 29 tenants of the property filed an action against Pini for breach of lease, breach of implied warranty of habitability, negligence, violation of Civil Code section 1942.4, intentional infliction of emotional

2

distress, and nuisance. The complaint alleged that the tenants had been subjected to numerous substandard living conditions.

A second complaint by two tenants omitted from the original complaint was filed against Pini by the same law firm. The second complaint alleged the same harm as the first. Although the original complaint named only Pini, the second complaint named both Pini and Triad. All tenants gave responses to requests for admission stating they are not seeking damages from Triad. The trial court consolidated the tenants' actions against Pini. These lawsuits had nothing to do with the contract of sale.

*(b) Pini's Cross-Complaint Against Triad*

On June 22, 2021, Pini filed a cross-complaint against Triad for indemnity, contribution, and apportionment of fault. The complaint alleged that Triad is at fault for all injuries and damages alleged in the tenants' action. Pini did not request mediation prior to filing his cross-complaint.

*(c) Triad's Cross-Complaint Against Pini*

On May 4, 2022, after being served with Pini's cross-complaint, Triad filed a cross-complaint against Pini. Triad's cross-complaint alleged that Pini breached the purchase agreement by failing to disclose all known material facts and defects affecting the value of the property, including the tenants' complaint filed prior to the close of escrow. Triad did not seek mediation prior to filing its cross-complaint.

On June 3, 2022, Triad moved to sever and continue trial of both cross-complaints from the tenants' action. In opposition to the motion Pini stated that he is suing Triad because Triad "contractually agreed to cure the violations."

3

*(d) The Denouement*

Pini settled the tenants' case and dismissed his cross-complaint against Triad in September 2022. Pini paid Triad $200,000 to settle Triad's cross-complaint. Pini and Triad agreed to submit the question of attorney fees to the trial court to a maximum of $500,000.

*(e) Ruling*

The trial court denied Triad's motion for attorney fees finding: 1) Pini's cross-complaint against Triad did not arise under the contract, and because Pini dismissed his cross-complaint prior to trial, Triad could not recover fees expended in defending the action (citing *Santisas v. Goodin* (1998) 17 Cal.4th 599, 619); and 2) Triad cannot recover attorney fees on its cross-complaint because it did not seek mediation prior to commencing the action.

## DISCUSSION

Triad does not contest the trial court's conclusion that because Pini voluntarily dismissed his cross-complaint prior to trial, Triad cannot recover attorney fees in defending that action. Instead, Triad contends it is entitled to attorney fees for its cross-complaint against Pini. Triad points to the broad attorney fee clause in its contract.

Pini relies on paragraph 31A of the contract which denied attorney fees to a party who "commences an action without first attempting to resolve the matter through mediation."

Pini points out that Triad did not attempt mediation before bringing its cross-complaint. Triad argues it was Pini who commenced an action by first bringing a cross-complaint against Triad.

4

Because the parties do not rely on extrinsic evidence as an aid in interpreting the contract, the interpretation is solely a judicial function which we undertake de novo. (*Parsons v. Bristol Development Co.* (1965) 62 Cal.2d 861, 865.)

The trial court found that Pini's cross-complaint is not based on contract. In fact it was. Pini stated he sued Triad because Triad "contractually agreed to cure the violations." Moreover, there is no basis for any liability Triad may have to Pini except that arising out of the purchase contract. That was the only relationship between the parties.

Triad cross-complained alleging that Pini materially misrepresented the condition of the property. Both cross-complaints involve the same contract as it relates to the condition of the premises. The cross-complaints are intertwined. In fact, Triad's cross-complaint was compulsory. (Code Civ. Proc., § 426.30, subd. (a); *LGCY Power, LLC v. Superior Court* (2022) 75 Cal.App.5th 844, 861 [any claim defendant has against plaintiff based on the same contract must be asserted in a cross-complaint, even if the claims are unrelated].) Triad did not ask to join the tenants' lawsuit against Pini. That action had nothing to do with the contract. The tenants just chose to file their action for damages while escrow was pending for the purchase agreement. Pini commenced his action and brought Triad in. Triad had no choice but to respond.

Pini was the prime mover. Paragraph 31A does not bar an award of attorney fees to Triad. Pini's action arose out of the contract.

Pini argues Triad's motion to sever the trial of both cross-complaints from the tenants' action judicially estops Triad from claiming exigent circumstances required filing its cross-complaint

5

without first seeking mediation.  But Triad's claim is not based on exigent circumstances.  It is based on the action brought by Pini, not Triad.

## DISPOSITION

The judgment (order) is reversed and remanded.  The trial court shall award reasonable attorney fees and costs to Triad based on its prevailing cross-complaint against Pini.  Costs are awarded to Triad.

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P. J.


We concur:


YEGAN, J.


BALTODANO, J.

Benjamin F. Coates, Judge

Superior Court County of Ventura

_____

Coleman Frost, James M. Kilkowski and Tristan Mackprang for Cross-defendant and Appellant.

Law Office of Paul R. Burns and Paul R. Burns for Cross-complainant and Respondent.